```
UNITED STATES DISTRICT COURT
   DISTRICT OF SOUTH DAKOTA
       SOUTHERN DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>XAVIER ZEPHIER,<br><br>Defendant. | 4:18-CR-40023-KES<br><br><br>ORDER DENYING<br>MOTION IN LIMINE |

The United States moves to exclude reference to defendant's, Xavier Zephier's, acquittal in tribal court for the attempted rape of A.N. Docket 67. For the following reasons, the United States's motion in limine is denied.

## BACKGROUND

A pretrial conference in this matter was held on March 1, 2019. Docket 75. At the hearing, the court found that a prior act of sexual assault perpetrated by Zephier against A.N. was admissible under Federal Rule of Evidence (FRE) 413. *Id.* The United States then moved to exclude reference to Zephier's acquittal in tribal court for the attempted rape of A.N. *Id.* The government argued that evidence of Zephier's acquittal would be confusing to a jury because of the difference in the burden of proof between a criminal conviction and consideration of FRE 413 evidence. *Id.* Zephier argued that the acquittal should be admitted if A.N. or any other witness is allowed to testify about Zephier's attempted sexual assault of her because the jury should know that the defendant was acquitted of the FRE 413 evidence in tribal court, and

the acquittal in tribal court may go to bias of witnesses that previously testified in tribal court. *Id.*

## DISCUSSION

Various courts have considered the admissibility of acquittal evidence when prior acts are admitted at trial. "Evidence of an acquittal may have an alternative purpose–to help the jury weigh the evidence of the prior act." *Hess v. State*, 20 P.3d 1121, 1125 (Alaska 2001). In *Hess*, the court noted that although prior acquittal evidence may cause confusion, the "high risk of unfair prejudice may outweigh the risk of confusion, and a jury instruction explaining the requisite levels of proof may minimize the risk of confusion." *Id.* at 1129. For example, in *Dowling v. U.S.*, the Supreme Court upheld the admission of evidence of the defendant's prior crimes as not prejudicial in part because the judge had twice instructed jurors that the defendant was acquitted of the prior crimes. *See* 493 U.S. 342, 346 (1990). In that case, the Supreme Court found that the district court properly instructed the jury that the defendant had been acquitted of the prior act and had emphasized the limited purpose for which the testimony was being offered. *Id.*

Acquittal evidence is also "appropriate when the testimony or evidence presented at trial about the prior acts indicates that the jury has likely learned or concluded that the defendant was tried for the prior act and may be speculating as to the defendant's guilt or innocence in that prior trial." *Kinney v. People*, 187 P.3d 548, 557 (Colo. 2008). In *Kinney*, the court noted that acquittal evidence is admissible "for the limited purpose of challenging the

weight the jury should give the prior act evidence presented at trial." *Id.* (citing *Hess*, 20 P.3d at 1126). Acquittal evidence is relevant when it assists "the jury in its assessment of the significance of the evidence of another crime . . . ." *People v. Griffin*, 66 Cal.2d 459 (1967).

Here, the court found that the prior act of sexual assault perpetrated by Zephier against A.N. was admissible under FRE 413. Docket 75. Although evidence of Zephier's acquittal in tribal court for this prior sexual assault may be confusing to a jury due to the difference in the burden of proof between a criminal conviction and consideration of FRE 413 evidence, a jury instruction explaining the requisite levels of proof may minimize the risk of confusion. Also, the acquittal in tribal court may go to bias of witnesses that previously testified in tribal court, an area that Zephier should be allowed to cross-examine. The court may properly instruct the jury on the differing levels of proof to minimize confusion and the purpose of FRE 413 evidence. Considering the probative value of the evidence and weighing the factors of Federal Rule of Evidence 403, evidence of Zephier's tribal court acquittal is admissible.

Thus, it is

ORDERED that the government's motion in limine to exclude Zephier's tribal court acquittal (Docket 67) is denied.

Dated March 1, 2019.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE